IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| AMIR FATIR, a/k/a Sterling Hobbs | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: CPU5-18-000638 |
| | ) | |
| KENSINGTON PUBLISHING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Mary E. Sherlock, Esquire
*Weber Gallagher Simpson*
*Stapleton Fires & Newby, LLP*
19 S. State Street, Suite 100
Dover, DE 19901
*Attorney for Defendant*

Mr. Amir Fatir
SBI# 137010
*James T. Vaughn Correction Center*
1181 Paddock Road
Smyrna, DE 19977
*Self-Represented Plaintiff*

Submitted: January 4, 2019
Decided: April 29, 2019

## DECISION AND ORDER FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Amir Fatir, also known as Sterling Hobbs, filed a breach of contract action against the defendant, Kensington Publishing Corporation, on April 12, 2018, claiming that the defendant has failed to pay royalty fees owed to the plaintiff for sales of his book *The Black Angels* between the years 1982 and 2009. The defendant filed a Motion to Dismiss and/or Motion for Summary Judgment on May 23, 2018, pursuant to Court of Common Pleas Civil

Rule 12(b)(4), (5) and (6) or Rule 56(c). A hearing was held on the motion on January 4, 2019. After careful consideration by the Court, the defendant's Motion for Summary Judgment is granted.

## FACTS

After conducting a hearing for the defendant's motion, the Court finds the following facts by a preponderance of the evidence:

On October 20, 1981, the plaintiff, Amir Fatir, under the name Sterling Hobbs, contracted with Holloway House Publishing Company ("Holloway House") for the publication of the book *The Guardian Angels*, which was later renamed to *The Black Angels*. The defendant, Kensington Publishing Corporation, purchased Holloway House on December 21, 2007. The defendant only purchased Holloway House's assets, not its liabilities. On May 7, 2014, the defendant reverted all rights in *The Black Angels* to the plaintiff, with the exception of the defendant's continuing right to sell any remaining stock, subject to the payment of royalties as provided in the agreement between the parties. All rights to reproduce the defendant's edition of the book remained with the defendant.

The plaintiff alleges that his book was sold from 1982 through 2009. The plaintiff requested statements of account numerous times from Holloway House, but only received one in 1991. The plaintiff also contacted the defendant on March 21, 2018, requesting a statement of account for *The Black Angels* pursuant to U.C.C § 9-210, but the defendant did not provide one. The plaintiff filed suit on April 12, 2018. The plaintiff claims he failed to receive the agreed-upon royalty fees and statements of account regarding *The Black Angels*. At the hearing for the motion, the plaintiff also alleged that the defendant fraudulently concealed the records of accounting pertaining to his book. The defendant claims that it never printed nor published the plaintiff's book.

## PARTIES' CONTENTIONS

In support of its motion for summary judgment, the defendant contends that summary judgment for the defendant should be entered because the statute of limitations to file an action on the plaintiff's breach of contract claim has run. The defendant asserts that the limitations period for the plaintiff to file a legal action on his claim is three years pursuant to 10 *Del. C.* § 8106 and that the limitations period began to run in 2009 and expired in 2012 at the latest. Furthermore, the defendant argues that there is no legal basis to toll the statute of limitations as a matter of law.

The plaintiff contends that 10 *Del. C.* § 8108, which pertains to mutual and running accounts, applies in the instant case. The plaintiff contends that, pursuant to § 8108, there is a mutual and running account that remains open, tolling the statute of limitations. Furthermore, the plaintiff argues that the defendant has fraudulently concealed the records of accounting in this matter, which also tolls the statute of limitations.

## STANDARD OF REVIEW

When deciding a motion for summary judgment, the Court "must view the facts in a light favorable to the non-moving party and accept, as true, all undisputed factual assertions."[1] Pursuant to Court of Common Pleas Civil Rule 56(c), "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The burden of proof is on the moving party to show, by a preponderance of the evidence, that no genuine issues of material fact exist.[3] "After the moving party meets its burden, the burden then shifts to the nonmoving

---

[1] *Donnelly v. Fannie Mae*, 2015 WL 6739163, at *2 (Del. Com. Pl. Nov. 3, 2015) (internal citations omitted).
[2] Ct. Com. Pl. Civ. R. 56(c).
[3] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

3

party to demonstrate that there are issues of material fact that must be resolved at trial."[4] "[S]ummary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion but only is empowered to determine whether there are issues to be tried."[5] "The Court will grant a motion for summary judgment when there is no genuine issue of material fact, and the moving party is therefore entitled to judgment as a matter of law."[6] However, the Court will deny a motion for summary judgment when "a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[7]

## LAW

Section 8106(a) of Title Ten of the Delaware Code provides that a breach of contract action is subject to a three-year statute of limitations accruing from the date of the breach.[8] However, this three-year limitation period is subject to the provision of 10 *Del. C.* § 8108, which provides that "[i]n the case of a mutual and running account between parties, the limitation, specified in § 8106 of this title, shall not begin to run while such account continues open and current."[9] "In general, the defendant bears the burden of proving that a limitations period has lapsed and that a claim is time-barred."[10] However, "[w]hen a complaint asserts a cause of action that on its face accrued outside the statute of limitations, . . . the plaintiff has the burden of pleading facts leading

---

[4] *Tektree, LLC v. Borla Performance Industries, Inc.*, 2013 WL 5230705, at *2 (Del. Com. Pl. Sept. 16, 2013) (citing *Moore*, 405 A.2d at 681).
[5] *GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 782 (Del.2012) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2712 (3d ed.1998) (discussing federal counterpart to Del. Super. Ct. Civ. R. 56)).
[6] *Facciolo v. Vietri*, 2017 WL 1079980, at *2 (Del. Com. Pl. Mar. 22, 2017) (internal citations omitted).
[7] *Id.* (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[8] 10 *Del. C.* § 8106(a); *see Russum v. Russum*, 2011 WL 4731120, at *2 (Del. Super. Sept. 28, 2011).
[9] 10 *Del. C.* § 8108.
[10] *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *14 (Del. Ch. Dec. 23, 2008).

to a reasonable inference that one of the tolling doctrines adopted by Delaware courts applies."[11] Delaware Courts recognize three tolling doctrines, one of which is fraudulent concealment.[12]

## I.     Mutual and Running Account

Section 8108 of Title Ten of the Delaware Code does not define a "mutual and running account." Delaware Courts have defined a mutual and running account as "one account upon which the items of either side belong and on which they would reciprocally operate so that a balance between the two may be ascertained."[13] Black's Law Dictionary defines a mutual account as "[a]n account showing mutual transactions between parties, as by showing debits and credits on both sides of the account."[14] Further explanation of mutual accounts indicates the following:

[E]ach party to a mutual account occupies both a debtor and creditor relation with regard to the other party. A mutual account arises where there are mutual dealings, and the account is allowed to run with a view to an ultimate adjustment of the balance. In order to establish a mutual account, it is not enough that the parties to the account have cross demands or cross open accounts; there must be an actual mutual agreement, express or implied, that the claims are to be set off against each other.[15]

To determine whether there is a mutual and running account, "the court looks to whether the parties intended that their respective entries would contribute to one account subject to future settlement or resolution."[16] "The two sides of that account 'must be . . . linked or connected in

---

[11] *Id.* (quoting *Winner,* 2008 WL 5352063, at *14) (internal citation omitted).

[12] *See Winner,* 2008 WL 5352063, at *15.

[13] *Brown v. Consolidated Fisheries Co.,* 165 F. Supp. 421, 423 (D.Del.1955); *accord Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.,* 42 F. Supp. 2d 423, 435 (D. Del. 1999); *Weymouth v. Dep't of Corr.,* 1983 WL 17987, at *6 (Del. Ch. July 18, 1983).

[14] *Black's Law Dictionary* 21 (9th ed. 2009).

[15] *Id.* (quoting 1 Am. Jur. 2d *Accounts and Accounting* § 6, at 564 (1994)).

[16] *AM General Holdings LLC v. The Renco Group, Inc.,* 2016 WL 4440476, at *8 (Del. Ch. Aug. 22, 2016) (citing *Brown,* 165 F. Supp. at 423).

5

some way by an express or implied agreement' under which entries on each side of the ledger 'reciprocally offset so that the balance between the two may be determined.'"[17] "Accounts of this nature can arise either from express creation or impliedly by conduct evidencing the parties' mutual intent continuously to adjust reciprocal demands as part of an 'unsettled course of dealing.'"[18] "[T]he statute of limitations does not typically run against a continuing cause of action until the termination of the contract."[19] Therefore, in the case of a continuous contract and continuing breach, "the statute begins to run only when full damages can be ascertained and recovered."[20]

In *Matter of Burger*, the United States Bankruptcy Court for the District of Delaware held that a mutual and running account existed because the contractual agreement between partners involved an obligation that each partner in the business pay specific ongoing future debts to the other over a seven-year period.[21] The Court determined that the account in that case "could at all times be reduced to a single account balance owed to one side or the other once all offsetting entries were applied because the debts were owed directly by and between business partners."[22] Therefore, the Court determined that a breach occurred when the account between the parties closed and damages could be assessed at the end of the seven-year period.[23]

In *Saunders-Gomez v. Rutledge Maintenance Corporation*, the Delaware Superior Court found that a mutual and running account did not exist in that case because there was no mutuality.[24] The Court held that the account was, at best, a running account because one party's unpaid debt with interest continued to accrue.[25] Furthermore, the Court determined that the necessary

---

[17] *Id.* (quoting *Matter of Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991) (citing *Brown*, 165 F. Supp. at 423)).

[18] *Id.* at *9.

[19] *Matter of Burger*, 125 B.R. at 901-02 (citing *Thorpe v. Schoenbrun*, 195 A.2d 870 (Pa. Super. 1963)).

[20] *Id.* at 902 (citing *Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co. of New York*, 484 F. Supp. 1375, 1390 (D. Del. 1980)).

[21] *Id.*

[22] *AM General Holdings LLC*, 2016 WL 4440476, at *10 (referencing *Matter of Burger*, 125 B.R. at 902).

[23] *Matter of Burger*, 125 B.R. at 902.

[24] *Saunders-Gomez v. Rutledge Maintenance Corporation*, 2017 WL 1277682, at *5 (Del. Super. Apr. 3, 2017).

[25] *Id.*

mutuality did not exist because one party never incurred any reciprocal obligation to the other party to offset any obligations the other party had in the case.[26]

## II. Fraudulent Concealment

In determining whether an applicable statute of limitations will be tolled under the doctrine of fraudulent concealment, the plaintiff must prove that "there was an affirmative act of concealment or some misrepresentation that was intended to 'put a plaintiff off the trail of inquiry' until such time as the plaintiff is put on inquiry notice."[27] Put another way, fraudulent concealment requires a plaintiff show "(1) the defendant's knowledge of the alleged wrong, and (2) an affirmative act of concealment by the defendant thereby preventing the nonbreaching party from discovering and pursuing a cause of action."[28] "Mere ignorance of the facts by a plaintiff, where there has been no act of concealment or misrepresentation, does not toll the statute of limitations."[29] "[F]raudulent concealment tolls the running of the statute of limitations until such time as the cause of action is discovered or could have been discovered by the exercise of due diligence."[30] When the plaintiff "alleges some affirmative act by the defendant that either prevented the plaintiff from gaining knowledge of material facts or led the plaintiff away from the truth, the plaintiff carries his burden of pleading facts sufficient to demonstrate the applicability of this tolling doctrine."[31]

In *Van Lake v. Sorin CRM USA, Inc.*, the Delaware Superior Court found that the plaintiff sufficiently pled a claim for fraudulent concealment because the plaintiff presented numerous

---

[26] *Id.*

[27] *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *15 (Del. Ch. Dec. 23, 2008) (internal citation omitted).

[28] *Wright v. Dumizo*, 2002 WL 31357891, at *3 (Del. Super. Oct. 17, 2002) (citing *Lecates v. Hertrich Pontiac Buick, Co.*, 515 A.2d 163, 176 (Del. Super. 1986)).

[29] *Machala v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 2017 WL 2814728, at *6 (Del. Super. Jun. 29, 2017) (citing *Winner*, 2008 WL 5352063, at *15)).

[30] *Layton v. Allen*, 246 A.2d 794, 798 (Del. 1968).

[31] *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *10 (Del. Super. Feb. 15, 2013) (internal citations omitted).

7

affirmative acts of concealment that put the plaintiff "off the trail of inquiry."[32] Such acts included the plaintiff being expressly told information that the defendant knew was false, and the plaintiff reasonably relying upon such assurances and advice from the defendant.[33] The Court further found that the plaintiff was unable to discover the fraudulent conduct through the exercise of due diligence sooner than the plaintiff alleged based on the facts in the Complaint.[34]

In *Machala v. Boehringer Ingelheim Pharmaceuticals, Inc.*, the Delaware Superior Court determined that the plaintiff did not plead sufficient facts to support a claim of fraudulent concealment.[35] The plaintiff alleged that the defendants failed to disclose information about the safety and efficacy of a pharmaceutical drug and that the defendants misrepresented and actively concealed the truth about the risks associated with the drug.[36] The Court found that the Complaint failed to provide any specific details of any affirmative acts of concealment or any factual allegations that the defendants had intended to put the plaintiff "off the trail of inquiry."[37] Furthermore, the Court found that the plaintiff could have discovered a potential cause of action within the limitations period when he first sustained his injuries by engaging in due diligence on the pharmaceutical drug's efficacy and whether it was the proximate cause of his injuries.[38]

## DISCUSSION

The statute of limitations in the present case is three years pursuant to 10 *Del. C.* § 8106(a). The statute of limitations is not tolled because the plaintiff has not met his burden of proof for any tolling of the statute of limitations. The plaintiff failed to establish that he and the defendant were

---

[32] *Id.*
[33] *See id.*
[34] *Id.*
[35] *Machala*, 2017 WL 2814728, at *6.
[36] *See id.*
[37] *Id.*
[38] *Id.* at *7.

involved in a mutual and running account by a preponderance of the evidence. He also failed to plead sufficient facts to support a claim for fraudulent concealment.

## I.    Mutual and Running Account

The plaintiff has not proven that a mutual and running account exists in the present case. In *Matter of Burger*, a mutual account was found between the parties because there were obligations by both parties in the agreement that continued over a seven-year period.[39] In *Saunders-Gomez*, the Court determined that a mutual and running account did not exist because there was no mutuality in the agreement as only one party had obligations to the other.[40] The agreement in the instant case involves the publication and sale of the plaintiff's book, *The Black Angels*, and the royalty fees to be paid to the plaintiff. Like in *Saunders-Gomez*, the agreement lacks mutuality because both parties do not have a continuous obligation in which each side is contributing to the account. Additionally, the account is no longer open or current because it does not appear to the Court that any books have been sold within the three years preceding the filing of this action. Furthermore, the obligations in the account are one-sided because the only obligations are on the side of the defendant to provide royalty payments to the plaintiff for any books sold. The plaintiff has no continuous obligations to the defendant that would make the plaintiff both a debtor and creditor to the defendant as required for a mutual and running account.

## II.    Fraudulent Concealment

The plaintiff has not sufficiently pled fraudulent concealment for purposes of tolling the statute of limitations. As in *Machala*,[41] the Complaint in the current case does not provide any specific facts indicating any knowledge of fraud or any affirmative acts by the defendant to put the plaintiff "off the trail of inquiry." In the instant case, the plaintiff has alleged that the information

---

[39] *Matter of Burger*, 125 B.R. at 902.
[40] *Saunders-Gomez*, 2017 WL 1277682, at *5.
[41] *Machala*, 2017 WL 2814728, at *6.

9

pertaining to the refusal to provide a full statement of account is indicative of fraudulent concealment. Additionally, the plaintiff stated in the Complaint that he had repeatedly requested statements of account from Holloway House, but only received one in 1991. This case is not like *Van Lake*, where the plaintiff was intentionally misled, reasonably relied upon such information and was unable to discover the fraudulent conduct sooner.[42] The information in the instant matter is insufficient to support a finding of fraudulent concealment because it does not show affirmative acts by the defendant that would lead the plaintiff away from discovering that a cause of action may have existed and that the defendant was aware it was misleading the plaintiff. Similar to *Machala*, in which the Court found that the plaintiff could have discovered a cause of action sooner through due diligence,[43] the plaintiff in the present case would have been on notice of any possible fraud had he engaged in due diligence from the time Holloway House stopped sending statements of account after the plaintiff requested such information. The plaintiff could have filed suit once Holloway House stopped providing the requested statements if he believed that money was due to him and that statements were being fraudulently withheld, rather than wait years later to file suit and allege fraud without any facts to support such a claim. Therefore, the plaintiff has not met his burden of proof to toll the statute of limitations in the current case.

The May 7, 2014, communication between the parties appears to the Court to have been the last exchange between them prior to the filing of the current action, and it may, arguably, be considered a contract modification. The 2014 communication is the last possible date on which the statute of limitations would begin to run. Therefore, May 7, 2017, is the last possible date on which the statute of limitations would have expired. The plaintiff filed this action on April 12,

---

[42] *Van Lake*, 2013 WL 1087583, at *10.
[43] *Machala*, 2017 WL 2814728, at *7.

10

2018, which is almost a year after the statute of limitations period expired. As a result, the plaintiff's action is barred by the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, the defendant has proved that the applicable statute of limitations has run and that the plaintiff has failed to meet his burden of proving, by a preponderance of the evidence, that one of the tolling doctrines applies in the present case. There are no genuine issues of material fact remaining. The defendant is entitled to judgment as a matter of law. Therefore, the defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

The Honorable Charles W. Welch, III